**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:05-CR-235-RLV-DCK-3**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MALIK MONTREASE MOORE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

 **THIS MATTER IS BEFORE THE COURT** on *pro se* Defendant's "Motion Seeking Return Of Property Pursuant To Civil Rule 41(g)" (Document No. 574) and Plaintiff's "Response To Motion Seeking Return Of Property..." (Document No. 580). Defendant has failed to file a reply brief and the time to do so has lapsed. The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## I. BACKGROUND

 Defendant Malik Montrease Moore ("Defendant") was convicted by a jury on October 4, 2006, on Count One of the "Bill of Indictment" (Document No. 3) charging conspiracy to possess with intent to distribute a quantity of cocaine and/or cocaine base in violation of 21 U.S.C. § 846. (Document No. 334). On October 23, 2007, Judgment was entered against Defendant and a life sentence was imposed. (Document No. 421). On December 31, 2008, a *per curiam* opinion of the Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence. (Document No. 486).

 Defendant filed the pending motion for return of property, namely $5,590.00, on June 25, 2010. (Document No. 574). On August 6, 2010, Plaintiff filed its "Response To Motion Seeking

Return Of Property..." (Document No. 580).  The motion is now ripe for review.

## II.  DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that

> A person aggrieved by an unlawful search and seizure of property or
> by the deprivation of property may move for the property's return.
> The motion must be filed in the district where the property was
> seized. The court must receive evidence on any factual issue
> necessary to decide the motion.

Courts have recognized that a motion for return of property is proper only if the property is in the possession of the United States.  See United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003)("the government cannot be forced to return property that it never possessed.");  see also, Lowrie v. United States, 824 F.2d 827, 829 (10th Cir. 1987);  United States v. White, 718 F.2d 260, 261 (8th Cir. 1983);  United States v. Rodriguez, 1:06cr4-MR, 2009 WL 3698408 (W.D.N.C. Nov. 2, 2009).

In this case, Defendant alleges that when he was arrested by the Lenoir Police Department he was in possession of U.S. currency in the amount of $5,590.00 and that he is now entitled to the return of those funds pursuant to Fed.R.Crim.P. 41(g).  (Document No. 574-1).  Defendant attaches a statement by Sergeant Hatton that seems to support Defendant's claim that $5,590.00 was seized from him; however, neither the Defendant's motion or attachments provide any further evidence of what happened to the funds after they were seized.  (Document No. 574, 574-1).

In response, Plaintiff contends that the United States "does not and never possessed the currency."  (Document No. 580, p.2).  Plaintiff further asserts that another reason for denying the return of property is where "the existence of a tax levy demonstrates a right to possession that is adverse to that of the defendant."  Id.  (citing United States v. Fitzen, 80 F.3d 387, 388-89 (9th Cir. 1996).  Plaintiff has attached the affidavit of Detective Dave Barbour, Office of Sheriff, Caldwell

2

County, North Carolina, which states that the currency seized by Sergeant Hatton was never placed in federal custody; rather, it was turned over by the Caldwell County Sheriff's Office to the North Carolina Department of Revenue, Unauthorized Substance Tax Division. (Document No. 580-1). Attached to the affidavit is a receipt from the North Carolina Department of Revenue referencing Malik Montrease Moore, and indicating that it received $5,590 from Caldwell County on October 5, 2005. Id.

Defendant has failed to file a reply and there is no evidence before the Court contradicting Plaintiff's position in this matter. "The Court 'cannot order the government to turn over articles it has no record of having taken where claimant proffers insufficient evidence to the contrary.'" United States v. Rodriguez, 1:06cr4-MR, 2009 WL 3698408 at *1 (W.D.N.C. Nov. 2, 2009)(quoting Matthews v. United States, 917 F.Supp. 1090, 1104 (E.D.Va. 1996)). As such, Defendant's motion must be denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's "Motion Seeking Return Of Property Pursuant To Civil Rule 41(g)" (Document No. 574) is **DENIED**.

Signed: November 19, 2010

David C. Keesler
United States Magistrate Judge