IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-000150-RLV
(5:05-CR-00235-RLV-DCK-3)

| | |
|---|---|
| MALIK MONTREASE MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. No response is necessary from the Government. For the reasons that follow, the § 2255 motion will be dismissed as successive.

I.   BACKGROUND

Petitioner and twelve others were charged by the grand jury in this district with one count of conspiracy to possess with intent to distribute 50-grams or more of cocaine base, and 5-kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One). (5:05-CR-00235, Doc. No. 3: Indictment). After returning the indictment, the Government filed notice of its intention to seek enhanced penalties against Petitioner pursuant 21 U.S.C. § 851. The Government alleged that Petitioner had been convicted in North Carolina of two controlled substance offenses: one for the sale of cocaine in August 2000, and a second conviction for the sale of cocaine in July 2003. (Id., Doc. No. 19: § 851 information). Petitioner elected to plead not guilty and was later found guilty by a jury of the conspiracy charge in Count One. The jury found that Petitioner was responsible for 50-grams or more of cocaine base, and they found that

1

the Government had failed to prove that he was responsible for 5-kilograms or more of cocaine, finding instead that Petitioner was responsible for less than 500 grams of cocaine in the conspiracy. (Id., Doc. No. 334: Jury Verdict).

A presentence report (PSR) was prepared in advance of Petitioner's sentencing hearing. The probation officer identified the two convictions for the sale of cocaine that the Government noticed in the § 851 information. For the 2000 conviction, Petitioner was sentenced to a suspended term of 15-months' imprisonment which was later activated after his probation was revoked. For the 2003 conviction Petitioner was given a suspended sentence of 13-16 months in prison. (Id., Doc. No. 570: PSR ¶¶ 33, 35).

Petitioner appeared with his counsel for sentencing and after hearing from the parties, the Court sentenced Petitioner to a term of life imprisonment. (Id., Doc. No. 421: Judgment). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit and his claims were rejected and his judgment affirmed in all respects. See United States v. Moore, 305 F. App'x 130 (4th Cir. 2008) (unpublished), cert. denied, 556 U.S. 1227 (2009). Petitioner then filed a § 2255 motion, which was dismissed after the Court found that his claims were either without merit or procedurally barred because he failed to raise the issues on direct appeal. (5:10-CV-00046-RLV, Doc. No. 2). The Fourth Circuit dismissed Petitioner's appeal. United States v. Moore, 393 F. App'x 101 (2010) (unpublished).

Petitioner has now filed a second § 2255 motion this time contending his prior 2003 conviction for the sale of cocaine was erroneously relied upon to qualify him for the enhanced sentence of life imprisonment because it did not subject him to a sentence in excess of one year. (5:14-CV-00150, Doc. No. 1). Petitioner argues that the State court sentenced him to a term of 9-

2

11 months for that offense and because that term did not exceed one year, it could not support his sentencing enhancement. (5:14-CV-00150, Doc. No. 1 at 5). Petitioner cites the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (2011), in which the Court that held that in order for a prior controlled substance offense to support a sentencing enhancement, the sentencing court may only examine the criminal record of the defendant that is being sentenced to determine whether a sentence in excess of one year was possible, and not a hypothetical defendant with the worst possible record.[1]

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[1] As the Court previously noted, Petitioner's 2003 conviction resulted in a suspended sentence of 13-16 months therefore he received a sentence that was in excess of one year even though it was suspended. Put another way, if Petitioner had violated the terms of his probation the trial court could have activated the full sentence just as it did for his 2000 conviction and he could have served up to 16 months in prison.

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: October 22, 2014

Richard L. Voorhees
United States District Judge

4